# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RYAN TERRELL PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-1536-RWS |
| CENTURION MEDICAL PROVIDER, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Ryan Patterson's application to proceed in the district court without prepaying fees or costs. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court will grant the application and assess an initial partial filing fee of $15.17. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will instruct plaintiff to file an amended complaint within twenty-one (21) days of the date of this Order.

### Initial Partial Filing Fee

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id*.

In support of his application to proceed in the district court without prepaying fees or costs, plaintiff has submitted a certified account statement that reflects an average monthly deposit of $75.83 for the six-month period preceding the filing of his complaint. Thus, the Court will assess an initial partial filing fee of $15.17, representing 20 percent of plaintiff's average monthly deposits over that time.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is an inmate at the Potosi Correctional Center in Mineral Point, Missouri. (ECF No. 1). He brings this suit under 42 U.S.C. § 1983 for alleged violations of his right to medical care. He names the following individuals and entities as defendants: (1) Centurion Medical Providers, (2) Amy Courtney ("D.O.N."), (3) Anne L. Precythe (Missouri Director of Corrections), (4) Doctor James, (5) T. Taylor ("RN BSN"), (6) Debra Bacon ("NP"), (7) P. Tippen, M.D. (Regional Medical Director), (8) Melinda Boyer (caseworker), (9) David Vandergriff, (10) Mr. Miller (Functional Unit Manager), (11) Jennifer Price, (12) Brittany Butcher, and (13) Jody Glore.[1] Plaintiff sues defendant Courtney in her official capacity. Plaintiff does not specify capacity for the other individual defendants.

---

[1] Defendants' job titles, as provided by plaintiff, are noted in parentheses.

Plaintiff reports that he has suffered two heart attacks during his time at Potosi—one in August of 2021 and a second in October of 2022. He complains of severe chest pain and shortage of breath. His allegations against each defendant are scarce and can be summarized as follows:

| Defendant | Plaintiff's Allegations |
| --- | --- |
| Dr. James | Entered referrals incorrectly. Did not listen "to his patient about their situations" and "ignore[ed] patient complaint of pain." |
| Amy Courtney | Was aware of plaintiff's situation "and did nothing." |
| Melinda Boyer | "[K]new about [plaintiff's] problem and how medical wasn't treating [him] and she did not report it." |
| Mr. Miller | "[K]new of the situation and [plaintiff's] concerns about [his] life and he did nothing." |
| David Vandergriff | Did not respond to plaintiff's letter regarding plaintiff's medical concerns. |
| Jennifer Price | Forwarded plaintiff's letters to defendant Courtney. |
| Jody Glore | Told plaintiff "he has no control over medical and he can't do nothing it's out of his hands." |
| Brittany Butcher | Did not "follow chest pain protocol when [plaintiff] went to medical self declare for chest pain." |
| T. Taylor | Answered plaintiff's Informal Resolution Requests "without doing proper investigation finding out what's going on and refusing needed surgery to inmates." |
| P. Tippen | Refuses inmate surgeries "when they need them and he doesn't investigate report properly and answer Informal Resolution Requests siding with Centurion instead of taking care of inmates medically." |
| Centurion | Employs most defendants. |
| Anne Precythe | Did not respond to plaintiff's concerns and instead forwarded them to defendant Courtney. |
| Debra Bacon | Distributes medications "the doctor prescribes without examining patients." |

4

Plaintiff fears he will have another heart attack unless he receives proper treatment. He seeks $2 million in damages and an order from the Court requiring defendants to perform surgery.

## Discussion

Liberally construed, plaintiff's complaint asserts a claim of deliberate indifference to a serious medical need. For the reasons discussed below, the complaint fails to state a plausible claim to relief.

### 1. Official capacity assumed

Before addressing the sufficiency of plaintiff's factual allegations, the Court notes that the complaint is silent as to capacity for defendants James, Boyer, Miller, Vandergriff, Price, Glore, Butcher, Taylor, Tippen, Precythe, and Bacon. Plaintiff specifies only that he is suing defendant Courtney in her official capacity. Thus, the Court will interpret the complaint as including only official-capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (stating that if a plaintiff's complaint is silent as to capacity, the court interprets the complaint as including only official-capacity claims); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

### 2. Section 1983 and sovereign immunity

"A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official capacity suit against an individual is really a suit against that official's government entity." *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017). Put another way, "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016)

(stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). Thus, to prevail on his official-capacity claims, plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). What is more, in the absence of a waiver, the Eleventh Amendment bars suit for damages against a state official acting in his official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Thus, plaintiff's claims for money damages against the state defendants are subject to dismissal.

### 3. Prospective injunctive relief

A prisoner may, however, sue a state official in her official capacity for prospective injunctive relief. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007); *see also Will*, 491 U.S. at 71 n.10 (stating that a state official is a "person" under § 1983 when sued for injunctive relief because official-capacity claims for prospective relief are not treated as actions against the State). Thus, because plaintiff also seeks an order from the Court requiring defendants to perform surgery, the Court must consider whether plaintiff's complaint may proceed on that basis.

### 4. Personal involvement

To state a claim under § 1983, plaintiff must plead that each defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*,

6

556 U.S. at 676). It is well established that the doctrine of respondeat superior does not apply in § 1983 suits. *See Iqbal*, 556 U.S. at 676; *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("supervisors . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate."). Additionally, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Here, plaintiff asserts that defendant Tippen, the Regional Medical Director for Centurion, failed to approve necessary surgeries for inmates and did not properly investigate care-related Informal Resolution Requests. Plaintiff does not make any allegations about defendant Tippen that relate to plaintiff's own medical needs. Defendant Tippen's supervisory role itself does not establish personal involvement. *See Keeper*, 130 F.3d at 1314.

Plaintiff asserts that defendant Precythe, the Missouri Director of Corrections, did not respond to plaintiff's concerns and instead forwarded them to defendant Courtney. Plaintiff does not allege that defendant Precythe personally participated in the denial of his medical care. As with defendant Tippen, defendant Precythe's supervisory role alone does not establish personal involvement. *See Keeper*, 130 F.3d at 1314.

Plaintiff's allegations against defendants Boyer, Vandergriff, Miller, Price, and Glore are similarly bare. There is no indication in the complaint that these individuals are medical professionals or that they personally hindered plaintiff's access to treatment. Personal involvement aside, defendants who lack professional medical expertise cannot be liable for a wrongful diagnostic judgment made by a physician. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995); *Crooks v. Nix*, 872 F.2d 800, 803 (8th Cir. 1989). For these reasons, plaintiff's claim for prospective injunctive relief against these individuals is subject to dismissal.

**5. Deliberate indifference**

Defendant at least implies that defendants James, Taylor, Courtney, Butcher, and Bacon are medical professionals. But even assuming plaintiff has sufficiently alleged personal involvement by these defendants, his claim of deliberate indifference still falls short.

To demonstrate constitutionally inadequate medical care, an inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019).

A claim of deliberate indifference "requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Under the subjective prong, the plaintiff must show that a prison official actually knew of but disregarded that serious medical need. *Jackson*, 756 F.3d at 1065. To satisfy the subjective prong, the plaintiff must demonstrate that the defendant's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). This requires "a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017); *see also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to

8

criminal recklessness: disregarding a known risk to the arrestee's health"). A showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Plaintiff asserts that defendant Dr. James entered referrals incorrectly and did not listen to plaintiff's complaints. Plaintiff contends that defendant Courtney was aware of plaintiff's condition but "did nothing." Plaintiff further alleges that defendant Butcher did not follow "chest pain protocol" and defendant Bacon distributes medications without examining patients. To the extent these allegations even relate to plaintiff's condition, they do not "evidence intentional maltreatment or a refusal to provide essential care." *See Redmond*, 999 F.3d at 1120. The fact that plaintiff disagrees with defendants' treatment decisions in not enough. *See Gibson*, 433 F.3d at 646. "Negligent misdiagnosis does not create a cognizable claim under § 1983." *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009). Therefore, plaintiff's claim against these defendants fails to state a plausible claim to relief.

**6. Centurion**

Plaintiff also sues Centurion itself, stating that "most of the defendants work for Centurion and they say that they are following guidelines set by Centurion because of costs." Plaintiff does not allege, however, that any policy or custom of Centurion violates his constitutional rights. "A corporation acting under color of state law cannot be held liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official act that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under

9

color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts an injury actionable under § 1983").

Here, plaintiff alleges only that Centurion should be held liable for the actions of its employees. Because Centurion cannot be held liable on that basis in a § 1983 action, plaintiff's claim against Centurion is subject to dismissal.

### Instructions for Amending Complaint

For the reasons discussed above, plaintiff's complaint is subject to dismissal. But considering plaintiff's self-represented status, the Court will allow plaintiff to amend his complaint. Plaintiff must file his amended complaint in compliance with the instructions below.

Plaintiff shall amend his complaint using the Court's "Prisoner Civil Rights Complaint" form. In the "Caption" section of the form, plaintiff must state the first and last name of each defendant, if known. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). If there is not enough room in the caption, plaintiff may include additional sheets of paper. In any case, plaintiff must clearly list all defendants and state whether he intends to sue each in their individual capacity, official capacity, or both. Plaintiff should avoid naming any defendant that is not directly related to his claim(s). Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. Then, in separate numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant,

he should proceed in the same manner with each defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence. Put another way, all of plaintiff's claims must relate to each other in some way. *See* Fed. R. Civ. P. 20(a)(2). By contrast, if plaintiff is suing only a single defendant, he may set forth as many claims as he has against that individual. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in the dismissal of that defendant. If plaintiff is suing a defendant in their individual capacity, he must allege facts demonstrating that defendant's personal responsibility for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). If plaintiff is suing multiple defendants, he must establish the responsibility of each defendant for the alleged harm. That is, for each defendant, plaintiff must allege facts showing how that defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). A conclusory allegation about a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted).

Plaintiff must fill out the complaint form completely, including the "Injuries" section. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is

11

required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

The Court advises plaintiff that an amended complaint completely replaces the original complaint. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

After receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915. If plaintiff does not file an amended complaint on the Court-provided form within twenty-one (21) days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### Motion to Appoint Counsel

Plaintiff has also filed a motion to appoint counsel. (ECF No. 3). A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having reviewed these factors, the Court finds that the appointment of counsel is not warranted at this time. Here, plaintiff has yet to file a complaint that survives initial review. Further, plaintiff has demonstrated up to this point that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED.** (ECF No. 2).

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $15.17 within **twenty-one (21) days** of the date of this Order. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form in accordance with this Court's instructions.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** without prejudice. (ECF No. 3).

**IT IS FURTHER ORDERED** that plaintiff's motion for discovery is **DENIED** as premature. (ECF No. 5).

**IT IS FURTHER ORDERED** that plaintiff's motion of declaration and motion for injunction are **DENIED** as moot.

If plaintiff fails to timely comply with this Order, the Court will dismiss this action without prejudice and without further notice.

                                                                               RODNEY W. SIPPEL
                                                                               UNITED STATES DISTRICT JUDGE

Dated this 1st day of April, 2024.