# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RYAN TERRELL PATTERSON, ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cv-1536-RWS |
| CENTURION MEDICAL PROVIDER, ) et al., ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on initial review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss this action without prejudice.

## Background

Plaintiff is an inmate at the Potosi Correctional Center in Mineral Point, Missouri. (ECF No. 1). He filed this action on December 1, 2023, against Centurion Medical Provider and several individuals for the alleged mistreatment of his heart condition. *Id.* The Court granted Plaintiff's Application to Proceed in the District Court without Prepaying Fees and Costs on April 1, 2024, but determined that Plaintiff's Complaint failed to state a plausible claim to relief. (ECF No. 10). Considering Plaintiff's self-represented status, the Court gave Plaintiff 21 days to file an amended complaint. Plaintiff did so on April 24, 2024. (ECF No. 16).¹ Because Plaintiff is proceeding in forma pauperis, the Amended Complaint is subject to review under 28 U.S.C. § 1915(e)(2).

---

¹ In a letter attached to his Amended Complaint, Plaintiff states that his pleading "is for a new case" because he anticipates the Court will dismiss this action. (ECF No. 16-3). Nevertheless, it is

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

clear that Plaintiff filed the pleading in response to the Court's April 1, 2024 Order. What is more, Plaintiff has since filed several motions under the above-captioned case number. The Court will therefore treat the pleading as an amended complaint. Nothing in this Order prevents Plaintiff from filing another action.

2

at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Amended Complaint

Plaintiff brings this suit under 42 U.S.C. § 1983 for the alleged mistreatment of his heart condition. He names the following individuals and entities as defendants: (1) Centurion Medical Provider, (2) Amy Courtney ("D.O.N."), (3) Dr. James Donald, (4) Dr. Philip Tippen ("Regional Director"), (5) T. Taylor ("RN BSN"), (6) Debra Bacon ("NP"), and (7) Brittany Butcher ("Nurse").[2] Plaintiff sues Defendants Courtney, Donald, Tippen, and Bacon in their official capacities. He sues Defendants Taylor and Butcher in their individual capacities.

Plaintiff states he has suffered two heart attacks at the Potosi Correctional Center—one in August of 2021 and a second in October of 2022. He complains of severe pain, shortage of breath, and weight loss. His allegations against each defendant can be summarized as follows:

| Defendant | Plaintiff's Allegations |
|---|---|
| Centurion Medical Providers | Maintained inadequate staffing and "their policies cause more pain to me then help me heal more pain and suffering just to save a buck[.]"[3] |
| Amy Courtney (official capacity) | Was "personally involve[d] in my case by [illegible] actions and knowledge about my medical treatment and failed to act until my situation gotten worst." |
| Dr. James Donald (official capacity) | Failed to act and caused "heart damage that cannot be fix and probable pain and suffering the rest of my life he knew my history of cardiovascular since 10-7-11 and still failed to act accord[ingly] that causing me pain and suffering." |

---

[2] Defendants' job titles are noted in parentheses as provided by Plaintiff.
[3] When quoting the Amended Complaint, the Court reproduces the language verbatim, except where indicated by brackets.

| | |
|---|---|
| Dr. Philip Tippin (official capacity) | "[K]new of my cardiovascular situation and still fail to act when he knew that I had problems with my heart now it might be [too] late some damage can't be fix." |
| T. Taylor (individual capacity) | "[A]nswered my [Informal Resolution Requests] and denied me surgery he didn't do a proper investigation because if did he should have realize that I have been on chronic care since 10-7-11 for cardiovascular[.]" |
| Debra Bacon (official capacity) | "[K]new of the plaintiff medical history of cardiovascular but she always passed plaintiff physical when she know the plaintiff was strugglin physically with health issues and losing alot of weight . . . and plaintiff constant complain of chest pain and did nothing to easy the pain and suffering of plaintiff." |
| Brittany Butcher (individual capacity) | "[D]idn't follow chest pain protocol when plaintiff was stressing complains of chest pain told plaintiff she think his having a heart attack still didn't send plaintiff out to hospital[.]" |

Plaintiff seeks $3 million in damages and an order requiring Centurion to perform heart surgery.

## Discussion

Plaintiff asserts a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment. For the reasons discussed below, the Court will dismiss this action without prejudice.

**1. Centurion**

Centurion is a private corporation tasked with providing medical care for inmates in the Missouri prison system. *See Zeigenbein v. Raines*, No. 2:23-CV-38-RHH, 2023 WL 7002636, at *7 (E.D. Mo. Oct. 24, 2023). Plaintiff asserts that Centurion maintained inadequate staffing and "their policies cause more pain to [him] then help [him] heal more pain and suffering just to save a buck[.]" A private entity acting under color of state law may be liable under § 1983 for harms

4

caused by its own unconstitutional customs or policies. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020). "A corporation acting under color of state law cannot be held liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support such a claim, a plaintiff "must show that there was a policy, custom, or official act that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts an injury actionable under § 1983").

Although Plaintiff asserts that Centurion's policies caused him pain and suffering, he does not contend that those policies are unconstitutional. He also does not attribute the individual defendants' misconduct to Centurion's policies or customs. In fact, Plaintiff specifically states that Defendant Butcher harmed him by *not* following Centurion's protocol. There is no indication in the Amended Complaint that a Centurion policy, custom, or official act caused the allegedly insufficient care. Plaintiff's vague allusion to Centurion's policies, without more, is a legal conclusion that is not entitled to a presumption of truth. *See Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016). Further, Centurion cannot be held liable for the misconduct of its employees. *See Smith*, 499 F.3d at 880, Thus, the Court finds that Plaintiff has failed to state a plausible claim to relief against Centurion.

**2. Official Capacity**

Plaintiff sues Defendants Courtney, Donald, Tippen, and Bacon in their official capacities. According to Plaintiff, Defendant Courtney is employed by Centurion. Plaintiff does not identify an employer for the remaining defendants. Even so, given Plaintiff's allegations regarding Defendants' job titles, it appears all individual defendants work for Centurion.

"A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official capacity suit against an individual is really a suit against that official's government entity." *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017). Put another way, "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Thus, to prevail on his official-capacity claims, Plaintiff must establish Centurion's liability for the alleged misconduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). As explained above, Plaintiff cannot establish Centurion's liability on the facts alleged. Thus, the Court finds that Plaintiff's official-capacity claims against Defendants Courtney, Donald, Tippen, and Bacon also fail.

**3. Individual Capacity**

Plaintiff sues Defendants Taylor and Butcher in their individual capacities. To state an individual-capacity claim under § 1983, a plaintiff must plead that each defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). Put another way, a § 1983 claim "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). The doctrine of respondeat superior does not apply in § 1983 suits. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012).

To demonstrate constitutionally inadequate medical care, an inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). A claim of deliberate indifference "requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need.

6

*Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Under the subjective prong, the plaintiff must show that a prison official actually knew of but disregarded that serious medical need. *Jackson*, 756 F.3d at 1065. To satisfy this prong, the plaintiff must demonstrate that the defendant's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). This requires "a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017); *see also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health"). A showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

### A. *Defendant Taylor*

Plaintiff asserts that Defendant Taylor responded to Plaintiff's grievances and did not adequately investigate Plaintiff's claims. In response to Grievance Number 23-240, Defendant Taylor stated, in relevant part:

> I understand your one original IRR complaint to be a delay of care by not following cardiologist recommendations. Upon review of your medical record, grievance records, and investigation of your concern, it is noted that you have been seen by cardiology several times and all recommendations have been followed. . . . Your record shows care and treatment for your medical issues by licensed, qualified healthcare professionals.[4]

---

[4] The Court may consider Plaintiff's attachments on initial review. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

(ECF No. 16 at 23).

Even assuming Plaintiff could establish an objectively serious medical need, his factual allegations do not indicate that Defendant Taylor disregarded that need, let alone that he did so with a highly culpable state of mind approaching actual intent. *See Kulkay*, 847 F.3d at 643. Plaintiff's allegations establish only that Taylor responded to his grievance. Plaintiff does not allege that Taylor was involved in his treatment or delayed that treatment in any way. Taylor's response merely reflects that Plaintiff was evaluated by cardiology, which Plaintiff does not dispute. Plaintiff's factual allegations do not support an inference that Taylor is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678.

### B. *Defendant Butcher*

Plaintiff alleges that Defendant Butcher failed to follow chest pain protocol and "told plaintiff she think his having a heart attack still didn't send plaintiff out to hospital[.]" Plaintiff also mentions Defendant Butcher in his Informal Resolution Request ("IRR") dated April 5, 2022:

> On August 29, 2021, around 10:35, I self declared a medical emergency for severe chest pain and shortness of breath. Nurse Brittany Butcher came to housing unit(s) where I was housed. I informed her of my complaints and I told her my pain level was a '10' and I was having problem breathing. (See attach sheet).

(ECF No. 16 at 14). Plaintiff did not file the "attached sheet" with his Amended Complaint. Even so, Defendant Courtney's response to his IRR provides some additional context:

> A review of your medical record indicates that on 8/29/21 you were evaluated for your complaint of chest pain. The nurses initiated the chest pain protocol which included giving you medications, performing an EKG, and contacting the physician. The nurses followed the orders prescribed by the physician which included placing you in the infirmary for observation. You were subsequently seen by the site provider and a workup was completed to determine the cause of your chest pain. The providers note indicates that your Troponin test was negative, supporting that you were not having a

8

> heart attack. It was determined that the origin of your chest pain was gastric issues. I find no evidence supporting that you were diagnosed as having a heart attack.

(ECF No. 16 at 13).

The Court need not accept as true factual assertions that are contradicted by Plaintiff's own exhibits. *Williams v. First Nat. Bank of St. Louis*, No. 4:14-CV-01458-ERW, 2014 WL 5800199, at *4 (E.D. Mo. Nov. 7, 2014) (citing cases). Here, Plaintiff's assertion that he suffered a heart attack is directly refuted by Defendant Courtney's response to his IRR. But even assuming Plaintiff could establish an objectively serious medical need, his own exhibits show that he was evaluated and treated for his chest pain. There is nothing in the Amended Complaint to suggest that Defendant Butcher tried to interfere with his treatment. Indeed, there is nothing to show that Plaintiff's condition warranted a hospital visit. Simply put, Plaintiff's allegations do not support an inference that Defendant Butcher is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Further, to the extent Plaintiff disagrees with any of the defendants' treatment decisions, his difference of opinion does not rise to the level of a constitutional violation. *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007).

## Conclusion

For the foregoing reasons, the Court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2). A separate Order of Dismissal will accompany this Memorandum and Order.

9

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot. (ECF Nos. 17, 18, 28, 29, 31, 32).

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2024.